IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

GEORGE KEVIN SAUNDERS,

    Plaintiff,

v.                                      Civil Action No. 5:14CV48
                                                          (STAMP)
UNITED STATES OF AMERICA,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING THE REPORT AND
RECOMMENDATION OF THE MAGISTRATE JUDGE**

I. Procedural History

The pro se[1] plaintiff filed a complaint under the Federal Tort Claims Act ("FTCA"), alleging negligence against certain USP-Hazelton employees. The plaintiff's claims relate to a prison fight, where other inmates stabbed and assaulted the plaintiff in retaliation for an earlier incident. The plaintiff alleges that Warden O'Brien ("the Warden"), Lieutenant Ousley ("Ousley"), and Officer Smith ("Smith") (collectively, "the prison staff") acted negligently in the following ways: (1) the Warden failed to place the prison on lockdown during the initial stabbing; (2) Ousley failed to timely respond to calls for assistance; (3) prison staff negligently allowed inmates to smuggle metal weapons into the prison; and (4) Smith and Ousley escorted the plaintiff past the

---

[1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

assailants rather than through an alternate route. For relief, the plaintiff requests $25,000.00 in compensatory damages.

The defendant later filed a motion to dismiss, or in the alternative, a motion for summary judgment. ECF No. 17. In that motion, the defendant argues that the actions of the prison staff should be considered discretionary. Therefore, the defendant argues that the "discretionary function exception," an exception to the FTCA's immunity waiver, applies to the actions of the prison staff. Further, the defendant argues that the plaintiff's arguments concerning the smuggling of weapons lack merit. In particular, the defendant claims that the plaintiff failed to demonstrate the necessary elements of a negligence action, and instead provides only conclusory allegations about that matter. For those reasons, the defendant argues that the plaintiff's complaint should be dismissed. United States Magistrate Judge Robert W. Trumble issued a notice (ECF No. 19) pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309, 310 (4th Cir. 1975). Following that notice, the plaintiff filed a response in opposition. ECF No. 26. In his response, the plaintiff essentially argues that genuine issues of material fact exist, and thus the defendant's motion should be denied. In addition, the plaintiff filed a motion to amend his complaint under Federal Rule of Civil Procedure 15(c). ECF No. 24. In that amended complaint, the plaintiff seeks to add a claim under <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of</u>

Narcotics, 403 U.S. 388 (1971), where he individually names the prison staff and asserts new factual allegations of negligence.

The magistrate judge then entered a report and recommendation. ECF No. 32. In that report and recommendation, the magistrate judge recommended that the plaintiff's motion to amend the complaint and motion for counsel be denied, and that the defendant's motion to dismiss, or in the alternative, motion for summary judgment be granted. Further, he recommended that the plaintiff's complaint be dismissed with prejudice. Regarding the plaintiff's arguments concerning the failure to lock down the prison, response time, and escorting him past assailants, the magistrate judge found that the discretionary function exception applies to those actions. Concerning the plaintiff's argument about the smuggling of metal weapons, the magistrate judge found that the plaintiff only provided conclusory statements on the matter. The magistrate judge noted that even if the doctrine of res ipsa loquitor applied to that claim, the plaintiff still failed to meet his burden of proof under the doctrine. The magistrate judge also recommended that the plaintiff's motion to amend should be denied, noting that the plaintiff attempted to add new causes of action and additional parties. For those reasons, the magistrate judge recommended that the plaintiff's complaint be dismissed with prejudice, that his currently pending motions be denied, and that

the defendant's motion to dismiss, or alternatively for summary judgment, be granted.

The plaintiff then filed objections to the report and recommendation. ECF No. 37. In those objections, the plaintiff first claims that a mandatory duty exists for the lockdown of a prison when circumstances like his exist. Second, the plaintiff claims that Federal Rule of Civil Procedure 15 mandates that he be permitted to amend his complaint. For those reasons, the plaintiff objects to the report and recommendation.

## II. Facts

On the morning of the day the plaintiff's incident occurred, an African-American inmate allegedly stabbed a white inmate. Later, certain white inmates, whom the plaintiff claims smuggled metal weapons into the prison, began to congregate in the law library of the prison. While at that library, the plaintiff claims that he was assaulted and stabbed by those inmates in retaliation for the stabbing that occurred that morning.

The plaintiff's claims primarily focus on the prison staff's allegedly negligent actions in response to the law library incident. After the morning stabbing occurred, the Warden did not lockdown the prison. Rather, the inmates were separated and placed in the Special Housing Unit. ECF No. 32. During the time of the plaintiff's assault and stabbing, Brian Henderson, an Education Specialist at the library, radioed the prison staff when the

assault on the plaintiff began. The plaintiff here alleges that Ousley did not timely respond so as to prevent further injury to the plaintiff. The plaintiff's assailants were locked inside the library until prison staff could apprehend them. Following the plaintiff's incident, Ousley and Smith escorted the plaintiff past the law library, where the assailants were held.

## III. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which an objection is timely made. Because the plaintiff failed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed <u>de novo</u>.

## IV. Discussion

The FTCA serves as a limited congressional waiver of sovereign immunity to allow civil suits for actions arising out of negligent acts of agents of the United States. <u>Dalehite v. United States</u>, 346 U.S. 15, 30-31 (1953); <u>Medina v. United States</u>, 259 F.3d 220 (4th Cir. 2001). The United States cannot be sued in a tort action unless it is clear that Congress waived the government's sovereign immunity and authorized suit under the FTCA. <u>Dalehite</u>, 346 U.S. at 30-31. The provisions of the FTCA are found in Title 28 of the United States Code. 28 U.S.C. § 1346(b), § 1402(b), § 2401(b), and §§ 2671-2680. Waivers of sovereign immunity are "'strictly construed . . . in favor of the sovereign.'" <u>Welch v. United

States, 409 F.3d 646, 650-51 (4th Cir. 2005) (quoting Lane v. Pena, 518 U.S. 187, 192 (1996)). Accordingly, the plaintiff bears the burden of showing that such a waiver exists and that none of the exceptions, described below, apply. Welch, 409 F.3d at 651 (citing Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995)).

Under the FTCA, the United States can be found "liable in tort in the same respect as a private person would be liable under the law of the place where the act occurred." Medina, 259 F.3d at 221. The FTCA does contain, however, certain exceptions that exempt the United States from being sued. 28 U.S.C. § 2680 (2012); see, e.g., Smith v. United States, 507 U.S. 197 (1993). Of the enumerated exceptions contained therein, the most relevant one concerning this civil action is called the discretionary function exception. That exception refers only to acts "that are discretionary in nature, acts that 'involv[e] an element of judgment or choice.'" United States v. Gaubert, 499 U.S. 315, 322 (1991)(internal citations omitted). The exception "protects only government actions and decisions based on considerations of public policy." Id. at 323 (internal citations omitted). In particular, the exception is provided in the FTCA as follows:

> Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or **based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government**, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a) (emphasis added). A two-part test is used to determine whether the discretionary function exception applies. <u>Gaubert</u>, 499 U.S. at 322-23. First, the Court must determine whether the challenged actions were discretionary, meaning "involv[e] an element of judgment or choice," or "whether they were instead controlled by mandatory statutes or regulations" or policies. <u>Id.</u> at 322, 328. Regarding that inquiry, "it is the nature of the conduct, rather than the status of the actor" that determines if the exception applies. <u>United States v. Varig Airlines</u>, 467 U.S. 797, 813 (1984). Second, if that challenged action is discretionary, then the exception will apply if the actions or decisions "are based on considerations of public policy." <u>Gaubert</u>, 499 U.S. at 323.

A. <u>The Warden's Failure to Lockdown the Prison, Response Time to the Plaintiff's Incident, and Escorting the Plaintiff</u>

After reviewing the above case law and the record, this Court agrees with findings of the magistrate judge. As indicated earlier, the plaintiff's claims pertain to the alleged negligent acts by the prison staff. In particular, the plaintiff asserts claims regarding the following actions of the prison staff: (1) that the Warden was negligent because he did not place the prison on lockdown after the initial incident; (2) that Ousley was negligent by responding to the plaintiff's incident after 23 minutes passed; and (3) Smith and Ousley were negligent in

7

escorting him past the alleged assailants in the law library.  As applied to the first part of the test of the discretionary function exception, those alleged actions were discretionary, meaning they "involv[e] an element of judgment or choice." Concerning the first incident about whether the Warden should have instituted a lockdown, no policy or requirements exist that require the Warden to do so following a morning stabbing of a white inmate by a black inmate.  ECF No. 18-2.  Further, the plaintiff provides no sources, policies, or regulations to rebut the defendant's claim.  As to the claims about the prison staff's response time and escorting the plaintiff past his assailants, "decisions about how to safeguard prisoners are discretionary" as applied to the discretionary function exception.  <u>Winters v. United States</u>, 2013 WL 1627950, *7 (S.D.N.Y. 2013); <u>see, e.g.</u>, <u>Castillo v. United States</u>, 166 F. App'x 587 (3d Cir. 2006); <u>Cohen v. United States</u>, 151 F.3d 1338, 1340-45 (11th Cir. 1998); <u>Calderon v. United States</u>, 123 F.3d 947, 948-51 (7th Cir. 1997).  As the magistrate judge correctly pointed out, "there is no mandatory directive that prevents an inmate from being walked past assailants."  It should be noted that 18 U.S.C. § 4042 establishes a mandatory duty of care, stating in relevant part that the Bureau of Prisons ("BOP"), "under the direction of the Attorney General, shall . . . provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States."  Although that statute provides a

mandatory duty of care, it fails to direct the BOP in how to satisfy that duty. That lack of an explicit directive demonstrates that the BOP is awarded discretion in how it and its staff satisfy that duty. Therefore, regarding the above three allegations of the plaintiff, those actions were discretionary. In addition, the plaintiff again fails to proffer any proof of mandatory regulations or policies, or any other relevant evidence, that demonstrates that the prison staff's actions were not discretionary. In his objections, the plaintiff only provides conclusions and assertions that a mandatory lockdown directive applies. Those assertions alone, however, are insufficient when viewed in light of the record.

After determining that the above actions were discretionary, this Court also finds that those discretionary actions were based on considerations of public policy. As the Supreme Court of the United States stated in Gaubert, "if a regulation allows the employee discretion, the very existence of the regulation creates a strong presumption that a discretionary act authorized by the regulation involves consideration of the same policies which led to the promulgation of the regulations." 499 U.S. at 324. Further, as quoted above, 18 U.S.C. § 4042 does not direct or require BOP officials to satisfy their mandatory duty of care in any particular way. That evidences a policy that affords prison officials discretion regarding the care and safekeeping of inmates. Because

such a policy exists and appears to grant the officials discretion in effecting their duty, the discretionary acts of the prison staff are presumed to be based on public policy. The plaintiff neither provides evidence to the contrary nor alleges any facts that rebuts the presumption. Therefore, as to the above three actions, the discretionary function exception applies. Thus, the plaintiff's claims regarding those actions must be dismissed. See Gaubert, 499 U.S. at 325.

B. Smuggling Weapons by Other Inmates

Finally, the plaintiff alleges that the prison staff were negligent by allowing certain inmates to smuggle metal shanks and metal weapons through security checkpoints in the prison. In order to prove a prima facie case of negligence, "the plaintiff must show affirmatively the defendant's failure to perform a duty owed to the former proximately resulting in injury." Keirn v. McLaughlin, 1 S.E.2d 176 (W. Va. 1939). Phrased another way, the plaintiff in this civil action must show that the defendant, through the prison staff, owed a duty to the plaintiff while incarcerated there, that the prison staff breached such duty, and that the breach of that duty proximately caused the plaintiff's injuries. Here, the plaintiff only concludes that because certain metal weapons passed through the metal detectors, the prison staff were negligent. Those accusations alone are insufficient to prove a prima facie case of negligence.

Furthermore, to the extent that the plaintiff attempts to invoke the doctrine of res ipsa loquitor, that argument is equally misguided. The Supreme Court of Appeals of West Virginia stated the following in Syllabus Point 4 of Foster v. City of Keyser:

> Pursuant to the evidentiary rule of res ipsa loquitur, it may be inferred that harm suffered by the plaintiff is caused by negligence of the defendant when (a) the event is of a kind which ordinarily does not occur in the absence of negligence; (b) other responsible causes, including the conduct of the plaintiff and third persons, are sufficiently eliminated by the evidence; and (c) the indicated negligence is within the scope of the defendant's duty to the plaintiff.

501 S.E.2d 165 (W. Va. 1997). As the magistrate judge correctly noted, the plaintiff fails to show that the smuggling of metal weapons in a prison is an event that does not occur in the absence of negligence. Any number of events, such as a malfunctioning metal detector or the inmates previously hiding the weapons in the library, could have occurred. The plaintiff has not provided evidence that sufficiently eliminates any other potential causes. Therefore, the plaintiff has failed to demonstrate a prima facie case of negligence or that the doctrine of res ipsa loquitor could apply.

C. <u>Motion to Amend the Complaint</u>

Also at issue is the plaintiff's motion to amend his complaint. ECF No. 24. In that motion, the plaintiff seeks to add claims and allegations pursuant to Federal Rule of Civil Procedure 15(c) ("Rule 15 (c)"). In particular, the plaintiff now seeks to

file claims pursuant to <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971).  In his additional claims, the plaintiff asserts that the prison staff violated his Eighth Amendment rights and provides more instances of alleged negligence.  In his objections concerning the magistrate judge's recommendation of denying that motion, the plaintiff claims this Court should grant his motion due to the alleged absence of "undue delay, bad faith or prejudice."  ECF No. 37.

Federal Rule of Civil Procedure 15(a)(1)(A) states, in pertinent part, that "[a] party may amend its pleading once as a matter of course . . . before being served with a responsive pleading."  If a party seeks to amend its pleadings in all other cases, it may only do so "with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15(a) grants the district court broad discretion concerning motions to amend pleadings, and leave should be granted absent some reason "such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment or futility of the amendment." <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962); <u>see also</u> <u>Ruotolo v. City of N.Y.</u>, 514 F.3d 184, 191 (2d Cir. 2007); <u>In re Tamoxifen Citrate Antitrust Litig.</u>, 429 F.3d 370, 404 (2d Cir. 2005); <u>Ward Elec.</u>

Serv. v. First Commercial Bank, 819 F.2d 496, 497 (4th Cir. 1987); Gladhill v. Gen. Motors Corp., 743 F.2d 1049, 1052 (4th Cir. 1984).

As stated earlier, the plaintiff seeks to file amend his complaint pursuant to Rule 15(c). That rule, sometimes called the "relation back rule," maintains "the notion that a party is not entitled to the protection of the statute of limitations based upon the later assertion by amendment of a claim or defense that arises out of the same conduct, transaction, or occurrence set forth in the timely filed original pleading." Bensel v. Allied Pilots Ass'n, 387 F.3d 298 (3d Cir. 2004). The Supreme Court of the United States stated the following in Schiavone v. Fortune:

> Relation back is dependent upon four factors, all of which must be satisfied: (1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the prescribed limitations period.

477 U.S. 29-30 (1986).[2]

---

[2] It should be noted that the holding of Schiavone was superceded in part by subsequent amendments to Rule 15(c). Those amendments, however, only pertain to the notice requirement. In particular, "[t]he only significant difference between the Schiavone rule and amended Rule 15(c) is that, instead of requiring notice within the limitations period, relation back is allowed as long as the added party had notice within 120 days following the filing of the complaint, or longer if good cause is shown." Jacobsen v. Osborne, 133 F.3d 315, 319-20 (5th Cir. 1998)(quoting Skyocylas v. Federal Bureau of Prisons, 961 F.2d 543, 545 (5th Cir. 1992)).

Regarding the plaintiff's current motion to amend, however, the plaintiff fails to satisfy the requirements of Rule 15(c). Although the plaintiff's newly alleged <u>Bivens</u> action may arise from the same "conduct, transaction, or occurrence" under the FTCA claim, this Court does not believe that he complies with the remaining factors regarding Rule 15(c). As the magistrate judge points out, the plaintiff here is attempting to state causes of action against the individual defendants rather than the United States. His proposed <u>Bivens</u> action is an entirely new cause of action as compared to a cause of action under the FTCA. Further, no mistakes exist concerning the identity of the parties as provided under the third factor. It is worth noting that the plaintiff filed this motion following the defendant's filing of its motion to dismiss. The plaintiff, if he is trying to do so, cannot attempt to save this civil action by stating entirely new causes of action and now naming individual defendants. That does not appear to be the nature of the amendments contemplated under Rule 15(c). <u>See generally</u> 6A Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1497 (3d ed. 2014) ("Amendments that go beyond the mere correction or factual modification of the original pleading and significantly alter the claim or defense alleged in that pleading are treated more cautiously by the courts . . . [T]he rationale of the relation-back rule is to ameliorate the effect of the statute of limitations, rather than to promote the

14

joinder of claims and parties"). Therefore, the plaintiff failed to comply with the above factors so as to permit the filing of an amended complaint. Thus, his motion is denied.

V. Conclusion

For the reasons stated, the magistrate judge's report and recommendation is AFFIRMED AND ADOPTED. Accordingly, the plaintiff's complaint is DISMISSED WITH PREJUDICE. Further, the defendants' motion to dismiss is GRANTED and the plaintiff's objections are OVERRULED.

Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of the judgment order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: March 6, 2015

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE